

# NUMBER 13-09-00473-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ALBERT FOLEY, JR.,                                                    Appellant,

**v.**

THE STATE OF TEXAS,                                                  Appellee.

---

### On appeal from the 329th District Court
### of Wharton County, Texas.

---

## CONCURRING MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Benavides**
**Concurring Memorandum Opinion by Justice Yañez**

Although I agree with the majority's disposition of appellant's complaint of ineffective assistance of counsel, I write separately to express my view regarding one of his complaints. Accordingly, I respectfully concur with the majority's disposition.

By a sub-issue, appellant complains that his trial counsel rendered ineffective assistance by, among other omissions, only visiting him once in the jail before trial.

Appellant's trial counsel, Richard L. Manske, submitted an affidavit in which he states, in relevant part, that he "met with [his] client at least once in the jail and several times in court when [appellant] made various appearances."

Although the majority falls short of endorsing such a practice, it declines to find that a trial counsel's failure to meet with a client more than once—not counting during court appearances—constitutes performance so deficient that it falls below an objective standard of reasonableness.[1] I disagree. Conferring with a client immediately prior to, or during, a court appearance cannot provide the privacy and confidential circumstances necessary to develop an effective strategy. I would therefore not presume that counsel's failure to meet with appellant more than once—other than at court appearances—fell within the wide range of reasonable professional assistance.[2]

However, I agree with the majority that even assuming, as I do, that counsel's conduct fell below the objective standard of reasonableness, appellant failed to establish that a different result would have occurred had his counsel acted differently.[3] Accordingly, I would overrule his issue.

LINDA REYNA YAÑEZ,
Justice

Publish.
TEX. R. APP. P. 47.2(b).
Concurring Memorandum Opinion delivered and filed the
21st day of December, 2010.

---

[1] *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[2] *See id.* at 813.

[3] *See id.* at 812.

2